UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
:
LYNN ZELVIN, *on behalf of himself and all others* :
*similarly situated*, :
: 23-CV-8763 (JMF)
:
Plaintiff, :
: ORDER ADOPTING
-v- : REPORT AND
: RECOMMENDATION
COLLECTIBLEXCHANGE, LLC, :
:
Defendant. :
:
------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

This case was referred to Magistrate Judge Cave for General Pretrial Purposes. *See* Docket No. 6. In the Report and Recommendation filed on January 19, 2024, Magistrate Judge Cave recommended that the case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Docket No. 8.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 8. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. As reflected on the docket, the Complaint in this action was filed on October 5, 2023. Docket No. 1. After the ninety-day period within which Plaintiff was required to serve Defendant under Rule 4(m) had passed — with no proof of service filed by Plaintiff, nor any appearance or answer by Defendant — Magistrate Judge Cave ordered Plaintiff to show cause "why this case should not be dismissed under Federal Rules of Civil Procedure 4(m) and/or 41(b) for failure to prosecute." Docket No. 7. Plaintiff never submitted any affidavit, declaration, or other filing in response to that Order. Accordingly, the case must be dismissed under Rule 4(m), and the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 5, 2024
      New York, New York

                                                   JESSE M. FURMAN
                                                 United States District Judge